*566 CLIFTON, Circuit Judge,
concurring in part and dissenting in part:
I join Parts II and III of the majority-disposition in denying the petition in connection with Stepanyan’s claims for asylum and withholding of removal. As to the claim for relief under the Convention Against Torture (CAT), however, I respectfully dissent. The petition should be denied as to that claim as well.
I agree with the majority that the evidence does not compel the conclusion that Stepanyan has a well-founded fear of future persecution. It is, therefore, illogical to me to entertain the possibility that Stepanyan made a persuasive case that she is more likely than not to be tortured by the government (or with the government’s consent or acquiescence) if she is returned to Armenia, the finding that would be required to support CAT relief, on the premise that the BIA might have reached such a conclusion if only it had considered all of the evidence.
The mistreatment that Stepanyan said that she suffered before she left that country did not, in my view, rise to the level of “torture.” The BIA already concluded that the harm Stepanyan suffered did not amount to “persecution,” and we agree that the evidence did not compei a different conclusion. “[Tjorture is more severe than persecution and the standard of proof for the CAT claim is higher than the standard of proof for an asylum claim.” Nuru v. Gonzales, 404 F.3d 1207, 1224 (9th Cir. 2005). See 8 C.F.R. § 208.18(a)(2) (“Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture.”). Nothing suggests that she is at greater risk today than she was then, especially as many years have passed, the TV station is no longer in operation, and nobody else connected with that station is known to have been harmed, either at the time or since then.
The majority nonetheless grants the petition and remands for further proceedings because the BIA has allegedly not “considered” all of the relevant evidence. But the evidence allegedly not fully considered would still not establish that, more likely than not, Stepanyan would be tortured if returned to Armenia. Even the precedent primarily relied upon by the majority to support its conclusion acknowledged that the BIA is not required to discuss each piece of evidence submitted. Cole v. Holder, 659 F.3d 762, 772 (9th Cir. 2011). In that decision we expressed concern for a failure “to mention highly probative or potentially dispositive evidence.” Id. Requiring discussion of evidence that would not change the ultimate result does not justify remand for further consideration.
The regulation that Cole purported to construe to require the BIA to demonstrate its consideration of evidence is 8 C.F.R. § 1208.16(c)(3). It provides:
In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal, all evidence relevant to the possibility of future torture shall be considered, including, but not limited to:
(i) Evidence of past torture inflicted upon the applicant;
(ii) Evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured;
(iii) Evidence of gross, flagrant or mass violations of human rights within the country of removal, where applicable; and
(iv) Other relevant information regarding conditions in the country of removal.
*567 The evidence that- prompts the majority to grant Stepanyan’s petition in part and to remand for further proceedings is not evidence of that nature. In particular, there was no “evidence of past torture inflicted upon the applicant.”
Given that the Immigration Judge and the BIA denied relief in the form of asylum or withholding of removal, it does not take much power of prognostication to foresee that Stepanyan will not be granted relief under CAT. Remanding this case to an agency that is already enormously backlogged is both pointless and wasteful. I respectfully dissent.